# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-994V
(Not to be Published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | |
| NICHOLAS ZUMWALT, on behalf of his minor child, L.Z., | Chief Special Master Corcoran |
| Petitioner, | Filed: November 15, 2019 |
| v. | Attorney's Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION AWARDING FINAL ATTORNEY'S FEES AND COSTS[1]

On August 12, 2016, Nicholas Zumwalt filed a petition on behalf of his minor son, L.Z., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that L.Z. developed a seizure disorder as a result of receiving the following vaccines on March 24, 2014: Haemophilus Influenza type B ("HiB"); Hepatitis B (HBV"); Rotavirus ("RotaTeq"); Diphtheria-tetanus-acellular pertussis ("DTaP"); Pneumococcal ("Prevnar 13"); and the Inactivated Poliovirus Vaccine ("IPV"). *See* Pet. at 1 (ECF No. 1); Pet. Affidavit at 1 (ECF No. 1-1). I issued a decision denying entitlement in the case on March 21, 2019 (ECF No. 66).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner subsequently sought review at the Court of Federal Claims, which upheld my Decision. *See* ECF No. 78.

Petitioner requested an interim award of attorney's fees and costs in November 2018, and at that time I awarded him the sum total of $149,383.70 for work performed on the matter between October 2015 and October 2018. Interim Fees Decision, dated Nov. 5, 2018 (ECF No. 54) ("Interim Fees Decision"). Now, Petitioner has filed a motion for a final award of attorney's fees and costs reflecting all remaining work performed in this case. Motion for Attorney's Fees and Costs, dated October 10, 2019 (ECF No. 81) ("Fees App.").

As the pending motion indicates, Petitioner requests an award of $18,101.83 (representing $17,844.00 in attorney's fees, plus $257.83 in costs), for the work of two attorneys, Mr. Andrew Downing, esq. and Ms. Courtney Van Cott, esq., on post-trial issues, including appeal, as well as the supportive work of one paralegal. *Id.* at 1; *see also* Ex. A to Fees App. at 8–9. The costs requested include postage, legal research charges, and copying fees. Fees App. at 1; Ex. A to Fees App. at 8.[3] For Mr. Downing, Petitioner asks for a rate of $385 per hour for the entire 2018-2019 period. Ex. A to Fees App. at 8. For Ms. Van Cott, Petitioner asks for $205 per hour. *Id.* at 9. In addition, Petitioner seeks a rate of $135 per hour for work completed by a single paralegal. *Id.* at 8.

Respondent reacted to the fees request on October 16, 2019. *See* Response, dated Oct. 16, 2019 (ECF No. 82). He indicates in his Response that he is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case but defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2–3.

**ANALYSIS**

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. Rather, such a claim must be shown to have possessed "reasonable basis"—meaning that it had some objective basis upon which to proceed, in light of the "totality of the circumstances." *See, e.g.*, *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

Here, I find Petitioner's claim had sufficient objective basis to entitle him to a fee award under the applicable reasonable basis analysis. Claims that vaccines can cause seizures and seizure

---

[3] Petitioner did not file a General Order No. 9 Statement in connection with his fee application (and counsel does not request any costs personally incurred by Petitioner).

disorders are common enough in the Program to have facial credibility. Even though this claim was unsuccessful (due primarily to the lack of evidence supporting the medical theory proffered by Petitioner), it was based on evidence of a seizure disorder, and bulwarked by an expert opinion that was not frivolous or obviously poorly reasoned. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The attorneys practicing at Van Cott & Talamante, located in Phoenix, Arizona, have repeatedly been found to be "in-forum," and therefore entitled to the forum rates established in *McCulloch* and subsequently embraced by the Office of Special Masters.[4] *See e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates); *see also McCulloch*, 2015 WL 564323, at *17. Upon consideration, given the information proffered by Petitioner herein about Mr. Downing and Ms. Van Cott along with their overall experience, the quality of their work, and their reputation in the legal community, I find that the rates requested are reasonable for the work completed herein. In addition, the hours expended on this matter also appear to be reasonable. Accordingly, all time requested shall be awarded in full, without adjustment (based on the rates above).

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018-2019, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Nov. 15, 2019).

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $257.83 in overall costs. Fees App. at 1; Ex. A to Fees App. at 8. This amount includes the cost of postage, legal research charges, and copying fees. Ex. A to Fees App. at 8. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation supporting them. I thus find the requested costs to be reasonable and shall award them without reduction.

## CONCLUSION

I hereby GRANT IN PART Petitioner's motion for attorney's fees and costs. An award of **$18,101.83** (representing $17,844.00 in attorney's fees, plus $257.83 in costs) shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Andrew Downing, esq. The total amount awarded above is based on the rates below:

|  | **Rate** | **No. of Hours** | **Total:** |
|---|---|---|---|
| Andrew Downing, esq. | $385 | 28.8 | $11,088.00 |
| Courtney Van Cott, esq. | $205 | 29.4 | $6,027.00 |
| Paralegal | $135 | 5.4 | $729.00 |
|  |  |  |  |
| **Total:** |  | 63.6 (hours) | $17,844.00 |
| **Costs:** | **No reduction** |  | $257.83 |
|  |  |  |  |
| **Total Awarded:** |  |  | **$18,101.83** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master